**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) JAN K. VODA, M.D.,    ) | |
|                           ) | |
|         Plaintiff,        ) | |
| v.                        ) | Case No. _____ |
|                           ) | |
| (1) MEDTRONIC INC., and   ) | **DEMAND FOR JURY TRIAL** |
| (2) MEDTRONIC VASCULAR, INC.,  ) | |
|                           ) | |
|         Defendants.       ) | |
|                           ) | |

**COMPLAINT**

Plaintiff Jan K. Voda, M.D. ("Dr. Voda") for his Complaint against the defendants

Medtronic, Inc. ("Medtronic") and Medtronic Vascular, Inc. ("MVI") (together "the

defendants") states as follows:

**Nature of the Action**

1.      This action seeks to recover damages owed to Dr. Voda by Medtronic as a

result of defendants' actions in making, selling and offering for sale products which

infringe U.S. Patent No. 6,083,213 ("the '213 patent").

**The Parties**

2.      Dr. Voda is a cardiologist and has been designated a Fellow of the

American College of Cardiology.  Dr. Voda practiced medicine as an interventional

cardiologist in Oklahoma City, Oklahoma.  In the early 1990's Dr. Voda invented new

guiding catheters for delivering balloon catheters and stents.

3.      Medtronic is a corporation organized under the laws of the State of

Minnesota and has a place of business in Minneapolis, Minnesota.  Medtronic is in the

business of making and selling medical devices, such as guiding catheters for use in coronary angioplasty.

4.      MVI is a corporation organized under the laws of the State of Delaware and has a place of business in California.  MVI is in the business of making and selling medical devices, such as guiding catheters for use in coronary angioplasty.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction over the claims and causes of action asserted in this complaint pursuant to at least 28 U.S.C. § 1338 because this matter involves the infringement of an United States patent.

6.      Medtronic and MVI are subject to personal jurisdiction in this Court by virtue of their actions in at least selling and inducing the use of certain medical products, including catheters and related devices within this judicial District and the State of Oklahoma.

7.      Venue is appropriate in this district and division pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Background

8.      United States Patent No. 6,083,213 ("the '213 patent") was issued on July 4, 2000 by the United States Patent and Trademark Office, based on an application filed by Dr. Voda on May 13, 1997, which claimed priority under 35 U.S.C. § 120 to an application filed on January 23, 1991.  Dr. Voda owns the '213 Patent.

2

9.      The '213 patent generally relates to guiding catheters for performing angioplasty of the left coronary artery.  A true and correct copy of the '213 Patent is attached as Exhibit 1.

10.     In 2003, Dr. Voda brought suit against Cordis Corporation for infringement of the '213 patent as well as two additional patents dealing with guiding catheters that specifically assist with catheterization of the left main coronary artery ("the Cordis Suit").  The Cordis suit was brought in the United States District Court for the Western District of Oklahoma -- *Voda v. Cordis Corp.* Case No. CIV-03-1512 (Leonard, J.).

11.     In the course of the trial that resulted from the Cordis Suit, Judge Leonard conducted a *Markman* hearing and construed certain terms within the claims of the '213 patent ("Cordis Markman Order").  A true and correct copy of the Cordis Markman Order is attached as Exhibit 2.

12.     Dr. Voda proceeded to trial against Cordis.  The jury was presented with the Court's Markman Order concerning the scope of the '213 patent and asked to determine whether Cordis' products infringed.  The jury concluded that Cordis infringed the '213 Patent, as well as other patents.  The jury was also presented with evidence and argument by Cordis that the '213 patent was invalid.  After considering that evidence, however, the jury concluded that the '213 patent was not invalid.  A true and correct copy of the jury's verdict is attached as Exhibit 3.

13.     Following various post-trial motions and rulings by this Court, Cordis appealed to the United States Court of Appeals for the Federal Circuit.   The Federal Circuit affirmed this Court's construction of the '213 patent, the jury's determination that

3

the asserted claims of the '213 patent were not invalid, .and the jury's determination of infringement.  A true and correct copy of the Federal Circuit's decision is attached as Exhibit 4.

14.     Included in the Cordis products that the jury determined infringed, and as to which the Federal Circuit affirmed, was the Cordis XBC catheter shown below:



15.     Upon information and believe, Medtronic and MVI manufacture, sell, offer to sell and promote guiding catheters under the name Medtronic EBU Guiding Catheters. Medtronic EBU Guiding Catheters, for example, have been marketed under the catalogue number Z26EBU30.  An example of a Medtronic EBU Guiding Catheter is shown below:



4

## COUNT I

### Infringement of the '213 Patent

16.     Dr. Voda re-alleges and incorporates by reference the foregoing paragraphs above as though reproduced herein in their entirety.

17.     Upon information and belief, Medtronic and MVI manufacture, sell, offer to sell and promote guiding catheters under the name Medtronic EBU Guiding Catheters.

18.     Upon information and belief, Medtronic and MVI promote the use of guiding catheters marketed under the name Medtronic EBU Guiding Catheters in a manner that contributes to or induces the infringement of the method covered by the '213 patent claims.

19.     On September 16, 2004, Dr. Voda sent MVI a letter informing MVI of Dr. Voda's patent rights, including his ownership of the '213 patent and indicating that at least the '213 patent may cover the EBU Guiding Catheter.  A true and correct copy of Dr. Voda's letter is attached as Exhibit 5.

20.     Defendants nonetheless continue to manufacture and sell guiding catheters like the EBU Guiding Catheter, which infringes the '213 patent.

21.     Based on the forgoing, defendants willfully infringe the '213 patent.


### Requested Relief

WHEREFORE, Plaintiff, Dr. Voda, prays that this Court:

(a)     award Dr. Voda compensatory damages for defendants' infringement of the '213 patent;

5

(b)     award enhanced damages resulting from the knowing, deliberate and willful nature of defendants' illegal conduct, as provided in 35 U.S.C. § 284;

(c)     award reasonable attorneys' fees incurred by Dr. Voda, as provided in 35 U.S.C. § 285; and

(d)     award to Dr. Voda such other and further relief, including appropriate injunctive relief, as this Court deems just and proper.

## **Demand for Jury Trial**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues triable of right by a jury.

Respectfully submitted this 22nd day of January 2009.

*s/ John A. Kenney*
John A. Kenney, OBA #4976
Spencer F. Smith, OBA # 20430
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK  73102-7103
Telephone:     (405) 235-9621
Facsimile:     (405) 235-0439
Email:  john.kenney@mcafeetaft.com
Email:  spencer.smith@mcafeetaft.com

OF COUNSEL
Mitchell G. Stockwell
Georgia Bar No. 682912
(*to be admitted pro hac vice*)
D. Clay Holloway
Georgia Bar No. 363296
(*to be admitted pro hac vice*)
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
Telephone:  404-815-6500
Facsimile:  404-815-6555

Attorneys for Plaintiff Jan K. Voda, M.D.

7